IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL D. SNOKE,

      Plaintiff,

vs.

Case No.: 2:10-cv-01178
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## ORDER

Plaintiff, Michael D. Snoke, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. This matter is before the Court for consideration of the February 22, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 13), Plaintiff's Objections to the Report and Recommendation (ECF No. 15), and the Commissioner's Response to Plaintiff's Objections (ECF No. 16). For the reasons that follow, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, the Commissioner's decision is **AFFIRMED.**

### I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner or agency] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge. In his Objections, Plaintiff argues as he did in his Statement of Errors that he met the requirements of Listing 12.05C for mental retardation. Plaintiff points out that he had

been found disabled under Listing 112.05D at age nine and that the language of 112.05D is the same as Listing 12.05C. He asserts that "the same deficits of adaptive functioning with which he [met] Listing 112.05D since age 9 continued after age 18, and met Listing 12.05C. (Pl.'s Objections 1, ECF No. 15.)

The administrative law judge ("ALJ") concluded that Plaintiff's mental impairments did not satisfy the Listing because the evidence did not support the requisite adaptive deficits. (R. at 21.) He found instead that Plaintiff's "actual level of adaptive functioning is inconsistent with mental retardation and the requirements of Listing 12.05." (R. at 20.) In reaching this conclusion, the ALJ acknowledged that Plaintiff had some mild limitations and activities of daily living and no more than a moderate limitation in social functioning and concentration, persistence, and pace. (*Id*.) The ALJ incorporated these limitations into Plaintiff's residual functional capacity ("RFC"), limiting Plaintiff to simple "routine non-fast paced tasks with infrequent changes that can be explained and that do not require functional literacy or more than occasional intermittent interaction with others." (*Id*.)

Plaintiff argues that these limitations demonstrate that he met Listing 12.05's adaptive-skills limitations requirement. Specifically, he argues that his IQ scores, his school records, and the ALJ's recognition that Plaintiff was limited to jobs not requiring functional literacy demonstrates that he had the requisite deficits in functional academic skills. Likewise, he argues that the ALJ's recognition that Plaintiff was limited to simple, routine non-fast paced tasks with infrequent changes that can be explained demonstrates that he had the requisite deficits in work functioning.

In his Objections, Plaintiff incorrectly suggests that the Magistrate Judge upheld the ALJ's

decision because she concluded that Listing 12.05C required marked limitations to qualify as deficits in adaptive functioning. (*See* Pl's Objections 5, ECF No. 15. ("nowhere did [Listing 12.05C] require Marked impairment").) Instead, the Magistrate Judge relied on case law to conclude that the limitations must be "relatively significant" to satisfy the listing. (Report and Rec. 17, ECF No. 13.) She analyzed the issue as follows:

> After consideration of the record as a whole, the ALJ acknowledged that Plaintiff had some mild limitations in activities of daily living and no more than a moderate limitation in social functioning and concentration, persistence, and pace. (R. at 20.) He noted that Plaintiff's "biggest problem appears to be in the area of concentration, persistence, and pace," but that "significantly, he has demonstrated sufficient concentration, persistence, and pace to perform the activity set forth above." (*Id.*) The ALJ therefore concluded that these limitations were not severe enough to satisfy Listing 12.05.
>
> Plaintiff disagrees with the ALJ's conclusion. He asserts that the ALJ's findings establish that he suffered from the required deficits in adaptive functioning, but that the ALJ failed to recognize that the limitations he included in his RFC amounted to "deficits in adaptive functioning." (Pl's Stmt. of Errors 10, ECF No. 9.) The ALJ's RFC limited Plaintiff to simple "routine non-fast paced tasks with infrequent changes that can be explained and that do not require functional literacy or more than occasional intermittent interaction with others." (R. at 21.) Thus, the question for the Court is whether the foregoing limitations are of such severity as to require the conclusion that Plaintiff suffered from the requisite deficit.
>
> The undersigned determines that the foregoing limitations do not require such a conclusion. The plain language of Listing 12.05 does not identify how severe limitations must be to qualify as "deficits in adaptive functioning." *Pendleton v. Comm'r of Soc. Sec.*, No. 1:10–cv–650, 2011 WL 7070519, at *11 (S.D. Ohio Dec. 23, 2011). Nevertheless, case law from the Sixth Circuit and other federal courts suggests that a claimant must have relatively significant deficits to satisfy the Listing. *See, e.g.*, *West*, 240 F. App'x at 698–99 (6th Cir. 2007) (suggesting that a claimant's ability to understand and retain simple instructions; maintain concentration and attention for basic tasks; interact effectively with co-workers; and deal with work stress all supported a finding of no deficiencies in adaptive functioning); *Harris v. Comm'r of Soc. Sec.*, 330 F. App'x 813, 815–16 (11th Cir. 2009) (claimant who did well in special education classes; was able to perform several jobs; and who had mild limitations in daily living

> activities, social functioning, and concentration did not have the type of deficits in adaptive functioning required for Listing 12.05C); *McMillan v. Comm'r of Soc. Sec.*, No. 1:10–cv–00308, 2012 WL 90264, at *6 (W.D. Mich Jan. 11, 2012) (holding that insignificant or trivial deficits were not sufficient to satisfy Listing 12.05 and that ALJ's finding of moderate restrictions in daily living did not require a finding of deficits in adaptive functioning). Here, the evidence the ALJ considered and relied upon constitutes substantial evidence supporting his conclusion that Plaintiff does not have deficits in adaptive functioning. This evidence includes records from Plaintiff's school, his treating physician, his mother's reports, and a consultive exam, as well as Plaintiff's own testimony.

(*Id.* at 16–18.) Beyond his incorrect suggestion that the Magistrate Judge concluded that Listing 12.05C required marked limitations, Plaintiff offers no authority undermining the Magistrate Judge's determination that the limitations must be "relatively significant."

The Court agrees with the Magistrate Judge that the RFC the ALJ set forth for Plaintiff does not compel the conclusion that Plaintiff met Listing 12.05C. Rather, substantial evidence supports the ALJ's conclusion that Plaintiff's adaptive skills are not deficient. "The adaptive skills prong [of Listing 12.05C] evaluates a claimant's effectiveness in areas such as social skills, communications skills, and daily-living skills." *Hayes v. Comm'r Soc. Sec.*, 357 F. App'x 672, 677 (6th Cir. 2009) (citing *Heller v. Doe,* 509 U.S. 312, 329 (1993).) Although Listing 12.05 does not define "adaptive functioning," another portion of the Listings defines "adaptive activities" as "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1). Furthermore, in considering Listing 12.05, the Sixth Circuit has noted that "[t]he American Psychiatric Association defines adaptive-skills limitations as '[c]oncurrent deficits or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and

safety.'" *Id*. (quoting DSM-IV-TR at 49).

In reaching this conclusion, the Court notes that it agrees with Plaintiff that the record establishes impairments in his functional academic skills. He was assessed with average nonverbal abilities and tested in the "low average range" for his basic reading, reading comprehension, math-calculation abilities, math-reasoning skills, and ability to write short sentences. (*See* R. at 68, 78, 93). Plaintiff's school records indicate, however, that Plaintiff attended special education classes for two-thirds of the school day, struggled academically, and that he tested in the "extremely low range for spelling." (*See* R. at 68, 79, 81).

A reasonable mind could conclude, however, that the record provides adequate support for the ALJ's conclusion that Plaintiff did not have the requisite deficits in other adaptive-functioning areas. The record shows that Plaintiff performed farm work without difficulty; performed household chores, including laundry, mowing grass, preparing simple meals, and washing dishes; played video games; visited with friends and family; went bowling with friends weekly; went to the video arcade and to the movies; watched several hours of television each day; took care of his daily grooming and hygiene; shopped alone; completed his homework; obtained his temporary driving permit; went fishing, camping, and hunting; played board games; ran track in high school and was active in Future Farmers of America; and routinely read the sports section of the newspaper.[1] Plaintiff associated well with his family, peers, and school staff. His teacher reported that he has "a great sense of humor" and "generally displays a good attitude." (R. at 80.)

---

[1] The ALJ noted that Plaintiff's "biggest problem appears to be in the area of concentration, persistence, and pace," but noted that "significantly, [Plaintiff] has demonstrated sufficient concentration, persistence, and pace" to perform activity he found to be inconsistent with adaptive functioning deficits.

6

Dr. Miller noted that Plaintiff was cooperative, friendly, and made good eye contact and that his speech was intelligible and goal-oriented. He assigned him a Global Assessment of Functioning score of 65, which is indicative of some mild symptoms. Dr. Miller opined that Plaintiff had moderate to marked impairment in maintaining attention span and concentration, but noted that Plaintiff was not taking any medication for his attention deficit disorder ("ADD"). Plaintiff's treating physician, Dr. Gibson, opined that he would benefit from taking the medication that she had prescribed to treat his ADD, but that Plaintiff had not returned for treatment after she had informed Plaintiff's mother that she would not continue to prescribe the medication until she and Plaintiff could demonstrate that they would not continue misusing the controlled medications. Drs. Meyer and Finnerty reviewed all of Plaintiff's records and concluded that he did not meet or medically equal any listing.

Because the Court concludes that the record evidence provides adequate support for the ALJ's conclusion that Plaintiff's "actual level of adaptive functioning is inconsistent with mental retardation and the requirements of Listing 12.05C," the Court finds Plaintiff's objections to be without merit. *See Hayes*, 357 F. App'x at 677 (finding that Plaintiff "would not be able to establish" the adaptive skills prong because her daily living skills–which included caring for herself and her husband; cooking meals, doing laundry, shopping; managing finances; and taking public transportation—show that plaintiff's adaptive skills are not deficient). *See also* Report and Recommendation 17–18, ECF No. 13 (reviewing authority from the United States Court of Appeals for the Sixth Circuit and other federal courts considering whether the plaintiff had satisfied the adaptive skills prong of Listing 12.05C); *but see Brown v. Sec. of HHS,* 948 F.2d 268, 270 (6th Cir. 1991) (finding that use of public transit, making change at grocery store,

obtaining a driver's licence, visiting friends, doing laundry and cleaning room is not necessarily "inconsistent with a valid test I.Q. of 68").

## III.

For the reasons set forth above, Plaintiff's Objections (ECF No. 13) are **OVERRULED** and the Report and Recommendation (ECF No. 15) is **ADOPTED**. Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

          */s/ George C. Smith*
          **GEORGE C. SMITH, JUDGE**
          **UNITED STATES DISTRICT COURT**